## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

CLIFFORD SMITH, II as Next Friend of
Minor, C.S.,

       Plaintiff,                      Case No.:
                                     Hon.

v.

WHITE CLOUD PUBLIC SCHOOL       **COMPLAINT AND DEMAND**
DISTRICT, GEORGE LAMBRIGHT,         **FOR JURY TRIAL**
ED CANNING, ASA WYERS, LEIGHANN
CHILES, and SABINA FESSENDEN,
jointly and severally,

       Defendants.
_____/
VAHDAT WEISMAN LAW
Kara Weisman (P80837)
Raquel Muñoz (P77420)
Attorneys for Plaintiff
17197 N. Laurel Park Dr., Ste 500
Livonia, MI 48152
(734) 469-4994
kara@thevwlaw.com
raquel@thevwlaw.com_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    NOW COMES Plaintiff, CLIFFORD SMITH II, as Next Friend of Minor,

C.S., through his attorneys, VAHDAT WEISMAN LAW, and for his Complaint

against Defendants, hereby states:

## PRELIMINARY STATEMENT AND INTRODUCTION

    1.    From    approximately    2022    to    2024,    Defendant    GEORGE

LAMBRIGHT, ("LAMBRIGHT") a special education teacher at White Cloud High School ("WCHS" or "high school") and part of the White Cloud Local School District ("the DISTRICT"), harassed, coerced, manipulated, sexually molested, and raped Plaintiff's Minor, C.S., a student who attended WCHS.

2.      Some of the sexual abuse and harassment endured by Plaintiff's Minor, C.S. occurred during school hours on school district property, namely WCHS. During this time Defendants were responsible for supervising and managing Defendant LAMBRIGHT in his role as a special education teacher.

3.      A school district, their employees, directors, and administrators, must be vigilant about protecting students from sexual abuse perpetrated by other employees. The abuse that gives rise to this complaint could have been prevented if the Defendants properly supervised and managed Defendant LAMBRIGHT, their special education employee.

4.      Defendants could have also prevented this abuse to Plaintiff's Minor, C.S. had they acted on the complaints they received regarding Defendant LAMBRIGHT and/or reported the inappropriate conduct they witnessed, and/or acted on their subjective knowledge regarding his illegal conduct.

5.      At a minimum, Defendants were consciously and recklessly indifferent and intentionally turned a blind eye to Defendant LAMBRIGHT's wrongful conduct, facilitating his abuse.

2

6.     Defendants actively facilitated Defendant LAMBRIGHT'S abuse and continued to ignore the red flags raised by his conduct.

7.     Defendants failed to act upon and report this inappropriate behavior to the proper authorities as they were required to do under Michigan law.

8.     The Defendants recklessly facilitated, created, contributed to, and/or otherwise failed to prevent or even address the dangerous situation in which Defendant LAMBRIGHT was allowed to access, groom, abuse, harass, coerce, manipulate, sexually assault and rape, Plaintiff's Minor, C.S., in the following ways, including but not limited to:

a.     The DISTRICT authorized, permitted, and encouraged Defendant LAMBRIGHT, a middle-aged male, to have direct contact outside of school with students with cognitive disabilities, without any supervision, direction, reporting, or routine monitoring or progress evaluation. White Cloud Administrators did so despite having actual and/or constructive knowledge of Defendant LAMBRIGHT'S inappropriate conduct and relationships with Plaintiff's minor C.S., including, but not limited to, reported complaints of highly inappropriate interactions and conversations with Plaintiff's Minor C.S. and Defendant between 2022 and 2024.

b.     White Cloud faculty and Administrators authorized and allowed Defendant LAMBRIGHT, a special education teacher, to have unsupervised private "lunches" in the classroom (wherein he would sexually abuse Plaintiff's minor, C.S.), use his vehicle to drive C.S. off school premises during school hours to get "snacks", smoke marijuana, and to "meet" with students, like C.S., privately, at his home or campground after school hours, all without any supervision or documented plan, curriculum, or legitimate purpose. DEFENDANT LAMBRIGHT used this inexplicable authority bestowed upon him by the DISTRICT to sexually abuse C.S., who was a minor child with a cognitive learning disability.

3

c.   The DISTRICT's administrators authorized, permitted, and encouraged their employee, Defendant LAMBRIGHT, unfettered communication by way of chatting, texting, messaging, emailing and otherwise interacting with teenage students, including Plaintiff, on a District-sponsored email without supervision or oversight.

d.   Despite actual and constructive knowledge of Defendant LAMBRIGHT'S highly inappropriate and worrisome conduct toward and relationships with Plaintiff's Minor, C.S., including numerous complaints about Defendant LAMBRIGHT'S inappropriate conduct and conversations with C.S. in the classroom, White Cloud Administrators authorized and allowed Defendant LAMBRIGHT to "meet" privately with C.S. in his DISTRICT classroom during school hours.

e.   White Cloud Administrators had actual knowledge that Defendant LAMBRIGHT had been kissing C.S. during class hours and in front of other students.

f.   White Cloud Administrators allowed and encouraged C.S. to discuss masturbation during class hours and in front of other students. Despite this, they allowed Defendant LAMBRIGHT to have unsupervised "lunches" with C.S. wherein he sexually molested C.S. during school hours;

g.   Because of the DISTRICT's failure to properly train and supervise its employees and staff regarding child protection laws, reporting requirements for inappropriate conduct between staff and students, recognizing signs of sexual abuse and/or grooming, Defendant LAMBRIGHT was able to groom, abuse, harass, coerce, manipulate, and repeatedly sexually assault Plaintiff's Minor, C.S.; and

h.   Despite Defendants subjective knowledge of Defendant LAMBRIGHT's highly inappropriate and illegal conduct towards Plaintiff's Minor, C.S., Defendants failed to act by immediately terminating Defendant LAMBRIGHT, which allowed the sexual assault of Plaintiff's Minor, C.S., to continue.

9.     Defendant LAMBRIGHT'S abuse of Plaintiff's Minor, C.S., was

known to, and facilitated by, DISTRICT employee Defendant, ED CANNING, the DISTRICT's superintendent.

10.    Defendant LAMBRIGHT's abuse of Plaintiff's Minor, C.S., was known to and facilitated by DISTRICT employee, Defendant ASA WYERS, WCHS's principal.

11.    Defendant LAMBRIGHT's abuse of Plaintiff's Minor, C.S., was known to and facilitated by DISTRICT employee, Defendant SABINA FESSENDEN, WCHS Special Education Aide.

12.    Defendant LAMBRIGHT's, abuse of Plaintiff's Minor, C.S., was known to and facilitated by DISTRICT employee, Defendant LEIGHANN CHILES, WCHS's School Resource Officer.

13.    Defendants and other DISTRICT employees knew and/or recklessly ignored obvious signs, red flags, and evidence of sexual abuse and/or highly inappropriate conduct by Defendant LAMBRIGHT. At a minimum, Defendants and other DISTRICT employees were on notice of Defendant LAMBRIGHT's sexual abuse and/or the high risk of abuse he posed to Plaintiff's Minor C.S. by having authorized dangerous conditions that allowed for Defendant LAMBRIGHT'S prolonged pattern of sexual abuse. Despite this, Defendants and other DISTRICT employees did nothing to prevent or stop it.

14.    Defendant LAMBRIGHT was charged by the State of Michigan in

Newaygo County with three (3) counts of Criminal Sexual Conduct -Third Degree (Student), one (1) count of Criminal Sexual Conduct- Fourth Degree (Student), and one (1) count of Computers-Internet-Communicating with Another to Commit Crime- MA.

15.    Defendant LAMBRIGHT was given bond conditions, including but not limited to no contact with Plaintiff's Minor, C.S., which he ultimately violated.

16.    Defendant LAMBRIGHT was convicted of Criminal Sexual Conduct 3rd Degree (Student) regarding his sexual molestation and rape of the Plaintiff's Minor, C.S.

17.    Defendant LAMBRIGHT is currently serving a sentence of 32 months to 15 years in prison for the acts perpetrated on Plaintiff's Minor, C.S.

**JURISDICTION AND VENUE**

18.    This action is brought, in part, pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et. seq.* as more fully set forth herein.

19.    This is also an action to redress the deprivation of Plaintiff's Minor C.S.'s constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

20.    Additionally, Plaintiff seeks redress for Minor C.S.'s injuries, damage, and harm under Michigan state law statutory and common law causes of action, over which this Court has pendant jurisdiction as set forth below.

21.     Subject matter jurisdiction is founded upon 28 U.S.C. § 1331 which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

22.     Subject matter jurisdiction is also founded upon 28 U.S.C. § 1343 which gives district courts original jurisdiction over any civil actions authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

23.     Plaintiff further invokes supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

24.     The claims are cognizable under the United States Constitution, 42 U.S.C. §1983, 20 U.S.C. §1681 *et seq.*, and under Michigan Law.

25.     Venue is proper in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claims occurred.

## **PARTIES**

26.     Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated herein.

27.     Plaintiff, CLIFFORD SMITH, II, brings this case on behalf of his Minor Son, C.S., a resident of Newaygo County, Michigan, who at all times relevant, was a student within the DISTRICT at WCHS.

28.     Defendant WHITE CLOUD SCHOOL DISTRICT is and was at all times relevant, a public school organized and existing under the laws of the state of Michigan. The DISTRICT receives federal financial assistance and therefore is subject to Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681(a).

29.     Defendant LAMBRIGHT was a resident of White Cloud, Newaygo County, Michigan at all times relevant to the claims in this Complaint. Defendant LAMBRIGHT is liable under State and Federal law for his widespread sexual abuse, molestation, and rape of Plaintiff's Minor, C.S.. Defendant LAMBRIGHT was the special education teacher with WCHS within the DISTRICT and is being sued in his official and individual capacity.

30.     Defendant, ED CANNING (hereinafter "CANNING"), is a resident of Michigan, was the superintendent of the DISTRICT and, at all times relevant, was an employee of DISTRICT, and is being sued in his official and individual capacity capacity.

31.     Defendant, ASA WYERS (hereinafter "WYERS"), is a resident of Michigan, was the principal of WCHS within the DISTRICT and, at all times relevant, was an employee of DISTRICT, and is being sued in his official and individual capacity.

32.     Defendant, LEIGHANN CHILES (hereinafter "CHILES"), is a resident of Michigan, was the school resource officer of WCHS within the DISTRICT and, at all times relevant, was an employee of DISTRICT, and is being sued in her official and individual capacity.

33.     Defendant, SABINA FESSENDEN (hereinafter "FESSENDEN"), is a resident of Michigan, was a special education aide of WCHS within the DISTRICT and, at all times relevant, was an employee of DISTRICT, and is being sued in her official and individual capacity.

34.     The DISTRICT is vicariously liable for the acts of DEFENDANT LAMBRIGHT, who, at all times relevant, was acting within the course and scope of his employment within the DISTRICT.

35.     The DISTRICT is vicariously liable for the acts of DEFENDANTS CANNING, WYERS, CHILES and FESSENDEN, who, at all times relevant, were acting within the course and scope of their employment within the DISTRICT

## FACTUAL ALLEGATIONS

36.     Plaintiff realleges and incorporates by reference the allegations

9

contained in the previous paragraphs.

37.     Defendant LAMBRIGHT at all times relevant was employed by the DISTRICT as a special education teacher for WCHS.

38.     Plaintiff's Minor, C.S., was a special education student at WCHS from the 2022-2023 school year to present.

39.     Upon information and belief, at all times relevant, Defendant CANNING was employed by the DISTRICT as superintendent and the supervisor of Defendants employed at WCHS and/or within the DISTRICT.

40.     Upon information and belief, at all times relevant, Defendant WYERS was the WCHS principal and supervisor of Defendants LAMBRIGHT, CHILES, and FESSENDEN.

41.     Upon information and belief, at all times relevant, Defendant CHILES was the school resource officer for WCHS.

42.     Upon information and belief, at all times relevant, Defendant FESSENDEN, was a special education aide for WCHS.

43.     During the 2022-2023 school year, Defendant LAMBRIGHT began grooming Plaintiff, a 15-year-old minor with special needs.

44.     During school hours and in front of other students, Defendant FESSENDEN would witness Defendant LAMBRIGHT and Plaintiff's Minor, C.S. discuss, engage and laugh about topics such as masturbation. Defendant

FESSENDEN did not report any of these incidents.

45.     During school hours, and in front of other students, Defendant FESSENDEN would observe Defendant LAMBRIGHT kiss Plaintiff's Minor C.S. on the lips and allow Plaintiff's Minor C.S. to kiss Defendant on forehead and face. Defendant FESSENDEN did not report any of these incidents.

46.     Defendant FESSENDEN observed Defendant LAMBRIGHT kissing Plaintiff's Minor, C.S. on the forehead, cheek and lips; observed Plaintiff's minor grabbing Defendant's LAMBRIGHT'S buttocks; Observed Plaintiff's minor following Defendant LAMBRIGHT to the bathroom; Observed Plaintiff's minor and Defendant LAMBRIGHT having lunch alone in his classroom. Defendant FESSENDEN observed this behavior during the 2022-2023 and into the 2023-2024 school year.

47.     During school hours, Defendant LAMBRIGHT would whisper to Plaintiff's Minor, C.S., that "he liked it" when C.S. would kiss him.

48.     On several occasions during school lunch hours, Defendant LAMBRIGHT would be alone with Plaintiff's Minor C.S. in his classroom where he would put his hand down Plaintiff's Minor C.S.'s pants and touch his penis.

49.     During school hours, Plaintiff's Minor C.S. would sit next to Defendant LAMBRIGHT'S desk where Defendant LAMBRIGHT would rub his foot over Plaintiff's Minor's penis under the desk.

50.     During school hours, Defendant LAMBRIGHT would ask Plaintiff's Minor, C.S., if he was "going to go home and play with himself".

51.     Defendant LAMBRIGHT initiated contact with Plaintiff's Minor, C.S., via text messages and other various social media platforms, wherein he would send photos of his penis to Plaintiff's Minor.

52.     Defendant LAMBRIGHT began taking Plaintiff's Minor C.S. off campus during lunch hours to buy him "snacks." During these rides, Defendant LAMBRIGHT would kiss Plaintiff's Minor in the car.

53.     Defendant LAMBRIGHT would often frequent a marijuana shop in Big Rapids with Plaintiff's Minor C.S.

54.     Defendant LAMBRIGHT would purchase marijuana to smoke with Plaintiff's Minor in Defendant LAMBRIGHT'S vehicle.

55.     Defendant LAMBRIGHT would purchase and provide edibles and a THC "dab pen" to Plaintiff's Minor.

56.     Defendant LAMBRIGHT continued to groom Plaintiff's Minor C.S. by "mentoring" C.S. on how to use a tape measure, build trade skills, taking him "fishing". Plaintiff's Minor C.S. was manipulated by Defendant LAMBRIGHT to believe LAMBRIGHT was his "best friend" and "Grandpa."

57.     During the summer break after the 2022-2023 school year, Defendant LAMBRIGHT began taking Plaintiff's Minor C.S. to Sandy Beach Campground

12

where Defendant CHILES worked at her second job.

58.     At the campground, Defendant CHILES observed daily that Defendant LAMBRIGHT would park in the rear of the campground suspiciously with Plaintiff's Minor. Despite this, she failed to timely report this suspicious activity to authorities.

59.     At the campground, Defendant LAMBRIGHT would perform fellatio on Plaintiff's Minor C.S. and Plaintiff's Minor C.S. in return would use his hand to stimulate Defendant LAMBRIGHT's penis.

60.     Defendant LAMBRIGHT sent sexual messages, photographs, and communications to Plaintiff's Minor C.S.

61.     Defendant LAMBRIGHT pursued Plaintiff's Minor, C.S, by using coercive, exploitative behaviors and communications to build a relationship with Plaintiff's Minor, including telling C.S. he "had a nice ass", "you're cute," and would whisper that "he liked it" whenever they would kiss at school.

62.     Defendant LAMBRIGHT's conduct was coercive, manipulative, exploitative, and done for the purpose of his own sexual gratification.

63.     Defendant CANNING had a meeting with Defendant LAMBRIGHT wherein Defendant LAMBRIGHT asked if he should be spending less time with Plaintiff's Minor. Defendant CANNING responded with "you're a grown man and can make that determination yourself" and that he needed to be careful spending so

much time outside of school.

64.    Defendant CANNING was informed by Defendant LAMBRIGHT that he was struggling with his mental health.

65.    Upon information and belief, Defendant LAMBRIGHT had struggled previously with mental health issues that were left untreated.

66.    Despite knowing that Defendant LAMBRIGHT was engaging in suspicious activities with Plaintiff's Minor and that LAMBRIGHT was suffering from mental health issues, Defendants DISTRICT, CANNING and WYERS did not intervene to put Defendant LAMBRIGHT on any administrative leave.

67.    Despite knowing that Defendant LAMBRIGHT was engaging in suspicious activities with Plaintiff's Minor, Defendants DISTRICT, CANNING and WYERS did not disable Defendant LAMBRIGHT's email which allowed his communication and sexual assault with Plaintiff's Minor to continue.

68.    Upon information and belief, Defendant DISTRICT did not monitor Defendant LAMBRIGHT's communications on emails with Plaintiff's Minor.

69.    Upon information and belief, Defendant DISTRICT did not have rules or policies that prohibited communications between employees and students that were not related to school activities.

70.    Upon information and belief, Defendant DISTRICT did not have rules or policies that prohibited employees and students from spending time together when

not related to school activities.

71.    Defendant LAMBRIGHT's grooming behavior manipulated Plaintiff's Minor to entrusting him and believe their communications were "normal" and that they had a genuine connection.

72.    Due to his age, inexperience, and other contributing factors, Plaintiff's Minor C.S. was mentally and emotionally incapable of rebuffing, discouraging, or rejecting Defendant LAMBRIGHT.

73.    Defendant LAMBRIGHT preyed on Plaintiff's Minor's mental and emotional immaturity.

74.    Due to Defendant LAMBRIGHT's manipulation and coercion, Plaintiff's Minor believed that they were in a relationship.

75.    On multiple occasions, Defendant LAMBRIGHT sexually assaulted Plaintiff's Minor by digitally penetrating his anus while performing fellatio. These occasions happened before and after Defendant LAMBRIGHT was placed on administrative leave.

76.    Even after being placed on administrative leave, Defendant LAMBRIGHT would still contact Plaintiff's Minor using the school's email so they could continue meeting and engage in sexual encounters.

77.    Defendants DISTRICT, CANNING, and WYERS, had subjective knowledge that Defendant LAMBRIGHT was engaging in an inappropriate and

possibly illegal sexual relationship with Plaintiff's Minor, yet allowed him continued access to his school email account to communicate with Plaintiff's Minor.

78.    Upon information and belief, Defendants CHILES and FESSENDEN, knew and/or suspected that Defendant LAMBRIGHT was engaging in inappropriate sexual conduct with Plaintiff's Minor.

79.    Upon information and belief, on several occasions, Defendant FESSENDEN told Defendant LAMBRIGHT that Plaintiff's Minor's actions in the classroom were inappropriate. Despite witnessing these inappropriate interactions, she did not report the incidents to any authorities or supervisors.

80.    Upon information and belief, "on an everyday basis" Defendant CHILES observed Defendant LAMBRIGHT pull into the rear area of Sandy Beach Campground area and park suspiciously with Plaintiff's Minor. Defendant CHILES felt that the actions were inappropriate but did not report the incidents to any authorities or supervisors.

81.    Upon information and belief, Defendant CHILES had a duty as a "mandatory reporter" under state law to report Defendant LAMBRIGHT's illegal and inappropriate conduct to DISTRICT administration and/or law enforcement.

82.    Upon information and belief, Defendant CHILES failed to act by reporting Defendant LAMBRIGHT's illegal and inappropriate conduct to the DISTRICT, administration and/or any law enforcement agency or official.

83.     Upon information and belief, Defendant FESSENDEN failed to immediately act by reporting Defendant LAMBRIGHT's illegal and inappropriate conduct to her supervisors, Defendants WYERS, CANNING, the DISTRICT, and/or any law enforcement agency or official.

84.     Upon information and belief, Defendant FESSENDEN had an obligation as a "mandatory reporter" under state law to report Defendant LAMBRIGHT's illegal and inappropriate conduct to the DISTRICT, administration and/or law enforcement.

85.     Upon information and belief, Defendant FESSENDEN failed to act by reporting Defendant LAMBRIGHT's illegal and inappropriate conduct to DISTRICT administration and/or any law enforcement agency or official.

86.     The failure to act by Defendants CHILES and FESSENDEN allowed Defendant LAMBRIGHT to continue his sexual assault of Plaintiff's Minor.

87.     Defendant LAMBRIGHT was eventually arrested and charged with three (3) counts of felony criminal sexual conduct (C.S.C.) -3rd Degree (with a student), one (1) count of C.S.C. -4th (with a student) and one (1) count of communicating with another to commit crime via computer/internet.  M.C.L. 750.520d(1)(e), M.C.L. 750.520e(1)(f) and M.C.L. 750.145d(2)(f) regarding his behavior with Plaintiff's Minor, C.S.

88.     Defendant LAMBRIGHT was convicted of one (1) count of felony

C.S.C-3rd Degree (with a student).

89.     Defendant LAMBRIGHT was sentenced to a minimum of 32 months and a maximum of 15 years.

90.     Plaintiff's Minor, C.S. suffered and continues to suffer harm and damages as a proximate result of Defendants' wrongful conduct, including but not limited to:

a.  Physical pain and suffering;

b.  Emotional and mental pain and suffering;

c.  Physical manifestations of emotional distress;

d.  Extreme fear, fright, and shock;

e.  Complex post-traumatic stress;

f.  Depression and anxiety;

g.  Humiliation, embarrassment, shame, and guilt;

h.  Decreased self-confidence,

i.  Increased insecurities in physical appearance;

j.  Other past, present, and future noneconomic damages,

k.  Past, present, and future economic damages; and

l.  All other damages that become known during litigation.

**The DISTRICT's Culture, Policies, Practices, and Customs Authorized and Permitted Inappropriate, Unsupervised Relationships and Contact with Students**

91.     While Defendant LAMBRIGHT was working for the DISTRICT Defendants as a special education teacher, there existed a culture within the DISTRICT that permitted its staff/employees to have inappropriate, unsupervised relationships and contact with minor students under circumstances where sexual abuse was likely to, did, and should have been known to occur.

92.     The DISTRICT Defendants were all aware of this culture within the DISTRICT's schools that permitted staff to have inappropriate, unsupervised contact with students both on and off campus.

93.     In 2013, a male football coach and teacher at WCHS (also employed by the DISTRICT Defendant) sexually assaulted two female students on DISTRICT's Defendants premises. The coach/teacher was criminally charged for this behavior but the DISTRICT Defendants allowed him to resign.

94.     The DISTRICT Defendants took no action to prevent further abuse of their students by the staff or to otherwise implement minimum best practices to prevent such abuse and/or situations and environments that place students at risk for such abuse.

95.     Despite the incident in August 2013, in which a coach/teacher-staff member engaged in inappropriate conduct with a student in an unsupervised area of

the school, the DISTRICT Defendants authorized and allowed Defendant LAMBRIGHT to have unsupervised contact with minor students during which no one could see what was taking place.

96.    DISTRICT Defendants negligently failed to properly train and supervise their staff to observe, detect, and report staff members' inappropriate sexual or other inappropriate behavior with students in order to be in compliance with Title IX and Michigan law. This violation and failure resulted in Defendants CHILES and FESSENDEN repeatedly permitting Defendant LAMBRIGHT to have unsupervised contact with students, during which he sexually abused them, paving the way for Defendant LAMBRIGHT' sexual abuse of students, including Plaintiff's Minor, both on and off campus.

## COUNT I - VIOLATION OF 20 U.S.C. § 1681 (TITLE IX)

## (AGAINST DEFENDANT WHITE CLOUD PUBLIC SCHOOL DISTRICT)

97.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated herein.

98.    Title IX of the Education Act of 1972, 20 U.S.C. §1681(a), *et. seq.* states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20

(Commonly referred to as "Title IX").

99.   Plaintiff's Minor was a student at the DISTRICT Defendant's school, WCHS, at the time of the assaults.

100.   Plaintiff's Minor was subject to unlawful discrimination on the basis of sex.

101.   Defendant DISTRICT, at all times relevant, received federal financial assistance for its educational programs and activities, and is therefore subject to the provisions of Title IX of the Education Act of 1972, 20 U.S.C. 1681(a), et seq.

102.   At all times relevant, all Defendants were "appropriate persons" under Title IX.

103.   Defendant DISTRICT employed and exercised control over Defendant LAMBRIGHT and his provisions of "teaching" and "mentoring" of minor students at all times throughout his employment with the DISTRICT.

104.   LAMBRIGHT's provision of "teaching" and "mentorship" to Plaintiff's Minor at all times under the supervision and control of the Defendant DISTRICT, CANNING, and WYERS, constituted part of an education program or activity receiving Federal financial aid or assistance.

105.   Defendant LAMBRIGHT's inappropriate and illegal conduct, including the pursuit, coercion, harassment, manipulation, and assault of Plaintiff's Minor on the basis of sex is prohibited discrimination under Title IX.

106.   Defendant LAMBRIGHT's sexual assaults were carried out under the guise of legitimate teaching and mentoring as part of a program offered by the Defendant DISTRICT.

107.   Reports of Defendant LAMBRIGHT's inappropriate and illegal conduct were made known to Defendant DISTRICT's employees who were obligated to report suspected child abuse or neglect under M.C.L. 722.623 *et. seq.*, commonly called the "Michigan Child Protection Laws."

108.   Defendant, DISTRICT, through its officials, had actual knowledge of Defendant, LAMBRIGHT's, inappropriate and illegal conduct towards Plaintiff's Minor.

109.   Defendant DISTRICT through its officials, employees and/or staff, failed to carry out its duties to investigate and to take corrective action under Title IX, by immediately terminating Defendant LAMBRIGHT and contacting law enforcement.

110.   Defendant DISTRICT's failures to promptly and appropriately investigate, respond to, or remedy the sexual assaults after knowing that on multiple occasions in the 2022-2023 and 2023-2024 school year Defendant LAMBRIGHT subjected Plaintiff's Minor to further harassment as well as a sexually hostile environment — effectively denying him access to educational opportunities at the DISTRICT'S schools.

111.   Plaintiff's Minor was therefore excluded from and denied the benefits of access to educational opportunities provided by the DISTRICT'S schools and such deprivation amounts to unlawful discrimination.

112.   Plaintiff's Minor was deprived of educational opportunities and benefits including, without limitation, an education free from sexual assault.

113.   Such deprivation was severe and pervasive.

114.   Therefore, Defendant DISTRICT, through its officials, and employees, including Defendants CANNING, WYERS, CHILES and FESSENDEN, violated Title IX by engaging in prohibited discrimination against Plaintiff's Minor, on the basis of sex, by the following acts and/or omissions:

   a.   Failing to take appropriate remedial action following the reports of Defendant LAMBRIGHT's conduct towards Plaintiff's Minor;

   b.   Failing to conduct an immediate and appropriate investigation after receiving complaints;

   c.   Failing to prohibit and prevent Defendant LAMBRIGHT's unfettered communication by way of chatting, texting, messaging, and otherwise interacting with Plaintiff's Minor using the DISTRICTS email without supervision or oversight;

   d.   Allowing Defendant LAMBRIGHT, to be alone with Plaintiff in a classroom despite knowledge of his harassment and inappropriate behavior towards Plaintiff's Minor;

   e.   Failing to implement and/or enforce mandatory reporting in violation of the Michigan Child Protection Act;

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

f.     Failing to train employees and staff members regarding the signs of sexual abuse and/or grooming, and reporting requirements;

g.     Failing to know the whereabouts of all faculty and students;

h.     Aiding in the perpetuation of discrimination, harassment, and abuse against male students and Plaintiff, by condoning a culture of flirtatious behavior between male students and male employees;

i.     Failing to end the sexual abuse;

j.     Telling Defendant LAMBRIGHT, "to be careful spending so much time with a student outside of school" as a form of correction or behavior modification;

k.     Telling Defendant LAMBRIGHT "he is a grown man and can make that determination himself" as a form of correction or behavior modification;

l.     Failing to stop Defendant LAMBRIGHT from contacting Plaintiff's Minor once the investigation began;

m.     Any other acts or omissions that become known during litigation.

115.   Defendant DISTRICT's response was clearly unreasonable in light of the known circumstances stated herein.

116.   Defendant DISTRICT persisted in its actions and inaction after it had actual knowledge of the inappropriate and illegal conduct of its employee and the ongoing harms to Plaintiff's Minor.

117.   Defendant DISTRICT's wrongful conduct denied Plaintiff's Minor access to equal opportunities to educational programs and activities at WCHS.

118.    That as a proximate cause of Defendant DISTRICT's foregoing violations of Title IX, Plaintiff's Minor sustained substantial damages as alleged in this Complaint, including and without limitation:

    a.    Physical pain and suffering;

    b.    Emotional and mental pain and suffering;

    c.    Physical manifestations of emotional distress;

    d.    Extreme fear, fright and shock;

    e.    Complex post-traumatic stress;

    f.    Depression and anxiety;

    g.    Humiliation, embarrassment, shame, and guilt;

    h.    Decreased self-confidence;

    i.    Loss of reputation;

    j.    Other past, present, and future noneconomic damages,

    k.    Past, present, and future economic damages; and

    l.    All other damages that become known during litigation.

119.    Plaintiff's Minor was prevented and will continue to be prevented from performing his daily activities to his fullest potential and obtaining the full enjoyment of life due to the Defendant DISTRICT's wrongful conduct as described in this Complaint.

120.    Plaintiff's Minor will require continued treatment, therapy, and

counseling to treat the mental and emotional trauma caused by DISTRICT's wrongful conduct.

WHEREFORE, Plaintiff, CLIFFORD SMITH, II, as Next Friend of Plaintiff's Minor, C.S. respectfully prays that a judgment be entered in his favor and against Defendant, WHITE CLOUD PUBLIC SCHOOL DISTRICT for the following:

    a. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiff's Minor for the harms and losses he suffered, and continues to suffer, including physical and emotional injuries, in an amount exceeding $1,000,000;

    b. Costs and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

    c. All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983 – VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE

### (AGAINST DEFENDANT LAMBRIGHT)

121.  Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated herein.

122.  42 U.S.C. §1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state of territory of the District of Colombia subjects or caused to be subjected any

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secure by the constitution and shall be liable to the party injured in an action at law, suit or in equity, or other appropriate proceedings for redress.

123. At all times relevant, Defendant LAMBRIGHT was acting under the color of state law, employed by Defendant DISTRICT, acting in the scope of his employment, and in his capacity as special education teacher.

124. At all times relevant, Plaintiff's Minor had a clearly established right to be free from unreasonable searches, seizures, and excessive force, pursuant to the Fourth Amendment to the United States Constitution, which includes the right to be free from the continuous sexual assaults that occurred on Defendant DISTRICT's property.

125. At all relevant times, Plaintiff's Minor's liberty protected by the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including his right to personal safety and bodily integrity, and equal protection from discrimination and harassment based on sex, were clearly established.

126. Plaintiff's Minor further had the substantive due process right to be free from arbitrary government conduct that lacks all socially redeeming values.

127. The sexual abuse and molestation committed by Defendant LAMBRIGHT, which was condoned and encouraged by Defendants CHILES and

FESSENDEN as described herein, deprived Plaintiff's Minor of the right to personal security and bodily integrity.

128.  Defendant LAMBRIGHT assaulted Plaintiff's Minor, a high school student in his classroom on multiple occasions.

129.  Any reasonable person, including Defendant LAMBRIGHT would know that his conduct was illegal and in violation of Plaintiff Minor's constitutional rights.

130.  Defendant LAMBRIGHT was arrested, charged, and convicted of one count of criminal sexual conduct in the 3rd degree of a student.

131.  Defendant, LAMBRIGHT, is not entitled to qualified immunity as the law was clearly established, his seizure of Plaintiff's Minor was objectively unlawful, and his use of force was unjustifiably excessive.

132.  Defendant LAMBRIGHT's conduct was, and remains extreme, outrageous, and shocks-the-conscience, subjecting him to punitive damages.

133.  Defendant LAMBRIGHT's wrongful and illegal conduct was a proximate cause of Plaintiff's injuries and damages including, but not limited to:

a.  Physical pain and suffering;

b.  Emotional and mental pain and suffering;

c.  Physical manifestations of emotional distress;

d.  Extreme fear, fright and shock;

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

e.     Complex post-traumatic stress;

f.     Depression and anxiety;

g.     Humiliation, embarrassment, shame, and guilt;

h.     Decreased self-confidence;

i.     Loss of reputation;

j.     Other past, present, and future noneconomic damages,

k.     Past, present, and future economic damages; and

l.     All other damages that become known during litigation.

WHEREFORE, Plaintiff, CLIFFORD SMITH, II, as Next Friend of Plaintiff's Minor, respectfully prays that a Judgment be entered in his favor, and against Defendant, DEFENDANT LAMBRIGHT for the following:

a. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiff's Minor for the harms and losses he suffered, and continues to suffer, including physical and emotional injuries, in an amount exceeding $1,000,000;

b. Costs and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

c. All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

29

## COUNT III - VIOLATION OF 42 U.S.C. § 1983 – VIOLATION OF CIVIL RIGHTS –EQUAL PROTECTION OF LAWS UNDER THE FOURTEENTH AMENDEMENT

## (AGAINST DEFENDANTS ED CANNING, ASA WYERS, LEIGHANN CHILES and SABINA FESSENDEN)

134.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated herein.

135.   At all times relevant, Defendants, CANNING, WYERS, CHILES and FESSENDEN were employed by Defendant DISTRICT in their capacities as employees, educators, superintendents, principals, resources officers, aides, and/or administrators, and acting under the color of state law.

136.   At all times relevant, under the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Plaintiff's Minor had a clearly established right to personal safety and bodily integrity.

137.   The actions of the Defendants described herein which created and/or increased the risk that the Plaintiff's Minor would be sexually abused, molested, and/or raped by LAMBRIGHT on and off school grounds and outside of school hours, were all performed under the color of state law, were objectively unreasonable and performed knowingly, deliberately, and indifferently to Plaintiff's Minor and in reckless disregard for his safety.

138.   That the protections to personal safety and bodily integrity embodied

in the Fourteenth Amendment include Plaintiff's right to be free from sexual assault, abuse, harassment, coercion, by a state actor, Defendant LAMBRIGHT, based on being a male student at a public learning institution.

139.   The Fourteenth Amendment further protects Plaintiff's Minor from Defendants CANNING, WYERS, CHILES and FESSENDEN's wrongful conduct.

140.   Defendants CANNING, WYERS, CHILES and FESSENDEN's, actions and/or omissions denied Plaintiff's Minor equal protection under the law.

141.   Once Defendants CANNING, WYERS, CHILES and FESSENDEN had subjective knowledge that Defendant LAMBRIGHT's conduct was illegal or, at the very least, inappropriate towards Plaintiff's Minor, they failed to take action to prevent further harm to Plaintiff's Minor as described in detail in the Factual Allegations above.

142.   Upon information and belief, despite subjective knowledge of the wrongful and illegal conduct, Defendant CANNING did nothing more than tell Defendant LAMBRIGHT that "he is a grown man and can make his own determination" regarding spending time with Plaintiff's Minor outside of school and "he [LAMBRIGHT] needs to be careful" instead of reporting Defendant LAMBRIGHT immediately as required by law and/or taking any other preventative measures to keep Plaintiff's Minor safe.

143.   Upon information and belief, despite subjective knowledge of the

31

wrongful and illegal conduct, Defendant FESSENDEN did nothing more than tell Defendant LAMBRIGHT the interactions between him and Plaintiff's Minor were inappropriate instead of reporting Defendant LAMBRIGHT immediately as required by law.

144.    Upon information and belief, despite subjective knowledge of the wrongful and illegal conduct, DEFENDANT CHILES did nothing more than discuss the interactions between Defendant LAMBRIGHT and Plaintiff's Minor with Defendant LAMBRIGHT's daughter instead of reporting Defendant LAMBRIGHT immediately as required by law.

145.    Upon information and belief, Defendant CHILES knew that Defendant LAMBRIGHT was suspiciously parking his vehicle at the Sandy Beach Campground with Plaintiff's minor and engaging in illegal and/or inappropriate conduct with Plaintiff's Minor.

146.    Defendant FESSENDEN knew that Defendant LAMBRIGHT was engaging in illegal and/or inappropriate conduct with Plaintiff's Minor as she observed Defendant LAMBRIGHT and Plaintiff's Minor kissing and inappropriately touching in the classroom, observed Defendant LAMBRIGHT laugh and joke with Plaintiff's Minor about masturbation,  heard Plaintiff's Minor discuss that LAMBRIGHT would take him to a "weed shop" and observed Defendant LAMBRIGHT and Plaintiff's Minor having lunch alone in Defendant's classroom.

32

147.   As principal of the WCHS, Defendant WYERS knew or should have known of Defendant LAMBRIGHT's illegal and/or inappropriate conduct with Plaintiff's Minor.

148.   Defendants CANNING, WYERS, CHILES and FESSENDEN knew that their failure to report Defendant LAMBRIGHT, or otherwise act, created a substantial likelihood that Plaintiff's Minor would sustain a risk of serious harm.

149.   Despite their subjective and/or actual knowledge, Defendants CANNING, WYERS, CHILES and FESSENDEN consciously and recklessly disregarded the substantial risk of serious and continuing harm to Plaintiff's Minor.

150.   Defendants CANNING, WYERS, CHILES and FESSENDEN's wrongful conduct was committed with deliberate indifference to Plaintiff Minor's clearly established constitutional rights.

151.   Any reasonable superintendent, principal, teacher, resource officer, aide, or administrator, would have known that their failure to immediately report Defendant LAMBRIGHT's conduct to DISTRICT administrators and/or law enforcement was illegal, discriminatory on the basis of sex, and in violation of Plaintiff Minor's Fourteenth Amendment right to equal protection under the Constitution.

152.   At all times relevant, Defendants CANNING, WYERS, CHILES and FESSENDEN were acting under color of law and within the scope of their

employment and official duties as employees, superintendent, principal, teacher, resource officer, aide and/or administrators employed by the DISTRICT Defendant.

153.  Defendants CANNING, WYERS, CHILES and FESSENDEN are therefore not entitled to qualified immunity.

154.  Defendants CANNING, WYERS, CHILES and FESSENDEN's conduct was and remains, extreme, outrageous, and shocks-the-conscience, subjecting Defendants to punitive damages.

155.  Defendants CANNING, WYERS, CHILES and FESSENDEN's deliberate indifference to Plaintiff Minor's constitutional rights was a proximate cause of Plaintiff  Minor's injuries and damages, including, but not limited to:

      a.     Physical pain and suffering;

      b.     Emotional and mental pain and suffering;

      c.     Physical manifestations of emotional distress;

      d.     Extreme fear, fright and shock;

      e.     Complex post-traumatic stress;

      f.     Depression and anxiety;

      g.     Humiliation, embarrassment, shame, and guilt;

      h.     Decreased self-confidence;

      i.     Loss of reputation;

      j.     Other past, present, and future noneconomic damages,

k.  Past, present, and future economic damages; and

l.  All other damages that become known during litigation.

WHEREFORE, Plaintiff, CLIFFORD SMITH, II, as Next Friend of Plaintiff's Minor, C.S., respectfully prays that a Judgment be entered in their favor, and against Defendants CANNING, WYERS, CHILES and FESSENDEN for the following:

a.  Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiff's Minor for the harms and losses he suffered and continues to suffer, including physical and emotional injuries, in an amount exceeding $1,000,000;

b.  Costs and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

c.  All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

### COUNT IV - VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO TRAIN AND SUPERVISE AND FOR UNCONSTITUTIONAL CUSTOMS, POLICIES, AND PRACTICES (*MONELL* CLAIM)

### (AGAINST DEFENDANT WHITE CLOUD PUBLIC SCHOOL DISTRICT)

156.  Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated herein.

157.  Plaintiff's Minor C.S. was subjected to a deprivation of his clearly established Fourth and Fourteenth Amendment rights as described in this Complaint.

158. Defendants LAMBRIGHT, CANNING, WYERS, CHILES, and FESSENDEN were state actors and at all relevant times acting under the color of state law, and within the scope of their employment with WHITE CLOUD SCHOOL DISTRICT.

159. Plaintiff's Minor's rights to be free from sexual assault, harassment, and discrimination, and to personal safety and body integrity were clearly established by the time Plaintiff's Minor started high school.

160. At the time of the constitutional deprivations described in this Complaint, Defendant DISTRICT failed to train and/or supervise its employees, administrators, superintendents, principals, teachers, aides, school resource officers, including Defendants, LAMBRIGHT, CANNING, WYERS, CHILES, and FESSENDEN, in the constitutional requirements for sexual discrimination, Title IX, sexual abuse, misconduct and/or abuse, reporting of same, disparate treatment of students on the basis of sex, and the fundamental contours of the Fourth and Fourteenth Amendments.

161. The DISTRICT Defendants have the ultimate responsibility and authority to train and supervise their employees, agents, and/or representatives in the appropriate manner of detecting, reporting, and preventing sexual abuse, assault, and molestation and as a matter of acts, custom, policy, and/or practice failed to do so with deliberate indifference.

36

162.    The deprivations were caused by the customs, policies, and established practices of the DISTRICT.

163.    The DISTRICT Defendants had a duty to prevent sexual assault, abuse, and molestation on its campus and premises, that duty arising under the above-referenced constitutional rights, as well as established rights pursuant to the United States Constitution and Title IX.

164.    Defendant DISTRICT's deliberate indifference to Plaintiff's Minor's constitutional rights which subjected him to violations of the Fourth and Fourteenth Amendments, is demonstrated by:

a.    Failing to take appropriate remedial action following the prior sexual abuse by another member of the WCHS teaching staff, which occurred on school property, during school hours;

b.    Authorizing, permitting, and encouraging their special education teacher Defendant LAMBRIGHT, to have unfettered communication by way of chatting, texting, messaging, and otherwise interacting with teenage students, including Plaintiff's Minor, on a District-sponsored email without supervision or oversight;

c.    Authorizing, permitting, and encouraging their special education teacher, Defendant LAMBRIGHT, to have unfettered interactions with teenage students, including Plaintiff's Minor on and off campus;

d.    Failing to train faculty and staff on proper communications with students, including but not limited to: male staff interacting with male students over a school-sponsored email;

e.    Failing to monitor and/or review staff and student communications on its school-sponsored email;

37

f.    Failing to provide and train staff on a "chain-of-command" for reporting suspected inappropriate conduct between staff and students;

g.    Failing to train and supervise its employees on child protection laws, inappropriate conduct between staff and students, and recognizing signs of sexual abuse and/or grooming;

h.    Failing to act by suspending or terminating LAMBRIGHT, or otherwise reporting him to law enforcement authorities;

i.    Allowing teachers, including Defendant LAMBRIGHT, to spend an inordinate amount of time with Plaintiff's Minor unsupervised;

j.    Allowing teachers, including Defendant LAMBRIGHT, to spend lunch with students alone and unsupervised;

k.    Allowing teachers, including Defendant LAMBRIGHT, to take students off campus during school hours;

l.    Failing to properly question or investigate LAMBRIGHT and/or involved students when observed by other staff members and students of the inappropriate conduct between Defendant LAMBRIGHT and Plaintiff's Minor, such inaction constituting an implicit and/or overt ratification of this conduct;

m.    Failing to protect Plaintiff's Minor;

n.    Failing to know the whereabouts of all faculty and students;

o.    Failing to protect Plaintiff's Minor by telling Defendant LAMBRIGHT that "he is a grown man and can make the determination himself" and to "be careful spending so much time with a student outside of school" as its only form of monitoring, punishment and/or reprimand;

p.    Condoning the behavior of students shaming Plaintiff's Minor for his conduct with Defendant LAMBRIGHT, without punishing or reprimanding the school employees who failed to timely report his wrongful conduct;

q.    Any other acts or omissions, policies, customs or practices, that

become known during litigation.

165.   Defendant   DISTRICT   through   its   employees,   administrators, superintendents, principals, teachers, aides, school resource officers, had subjective knowledge   of   the   substantial   risk   of   serious   harm   to   Plaintiff's   Minor   and consciously disregarded the harm.

166.   The   DISTRICT   Defendants'   customs   and   deliberate   indifference allowed Defendant LAMBRIGHT to engage in and further the abuse of Plaintiff's Minor   and   resulted   in   the   deprivation   of   his   constitutional   rights   directly   and proximately causing his injuries.

167.   A   causal   link   exists   between   Defendant   DISTRICT's   failure   to   train and supervise its employees and Plaintiff's Minor's injuries, harms, and damages, such   that   the   DISTRICT's   failure   was   a   moving   force   behind   the   constitutional violations alleged herein.

168.   Defendant   DISTRICT's   deliberate   indifference   to   Plaintiff's   Minor's constitutional   rights   was   a   proximate   cause   of   Plaintiff's   injuries   and   damages, including, but not limited to:

    a.    Physical pain and suffering;

    b.    Emotional and mental pain and suffering;

    c.    Physical manifestations of emotional distress;

    d.    Extreme fear, fright and shock;

Attorneys & Counselors at Law

VAHDAT WEISMAN
L A W

V|W

e.      Complex post-traumatic stress;

f.      Depression and anxiety;

g.      Humiliation, embarrassment, shame, and guilt;

h.      Decreased self-confidence;

i.      Loss of reputation;

j.      Other past, present, and future noneconomic damages,

k.      Past, present, and future economic damages; and

l.      All other damages that become known during litigation.

WHEREFORE, Plaintiff, CLIFFORD SMITH, II, as Next Friend of

Plaintiff's Minor, C.S., respectfully prays that a Judgment be entered in his favor,

and against Defendant, DISTRICT for the following:

a.  Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiff's Minor for the harms and losses he suffered and continues to suffer, including physical and emotional injuries, in an amount exceeding $1,000,000;

b.  Costs and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

c.  All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT V - VIOLATION OF 42 U.S.C. § 1983
### (State Created Danger)
### (AGAINST ALL DEFENDANTS)

169.   Plaintiff's Minor incorporates and realleges the preceding paragraphs as if expressly rewritten herein.

170.   Pursuant to the Fourteenth Amendment of the United States Constitution and at all times relevant hereto, Plaintiff's Minor had the clearly established right to be free from danger created and/or increased by the Defendants.

171.   At all times relevant hereto, the DEFENDANTS were acting under the color of state law and created and/or increased a state-created danger by substantially increasing the risk of harm to the Plaintiff's Minor, and in reckless disregard to Plaintiff's Minor safety, thereby increasing the risk that Plaintiff's Minor would be exposed to DEFENDANT LAMBRIGHT's private acts of sexual abuse, molestation, and rape.

172.   The actions of the Defendants described herein, which created and/or increased the risk that the Plaintiff's Minor would be sexually abused, molested, and/or raped by LAMBRIGHT at school during school hours, off school grounds outside of school hours, and were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately, and indifferently to Plaintiffs' and in reckless disregard for their safety.

173.   The following actions taken by the Defendants created the danger and

increased the risk of harm that the Plaintiff's Minor would be exposed to sexual abuse, molestation, and rape by LAMBRIGHT on school grounds during school hours and off school grounds and outside of school hours:

a.   Defendants permitted LAMBRIGHT to have continuous unsupervised lunches alone with Plaintiff's Minor, despite knowing that Defendant and Plaintiff's Minor would kiss in the classroom in front of other students and faculty;

b.   Defendants permitted LAMBRIGHT to remove students off campus, including Plaintiff's Minor;

c.   Defendants permitted LAMBRIGHT to have unsupervised contact with Plaintiff's Minor off campus.

d.   Defendants permitted LAMBRIGHT to transport students, including Plaintiff's Minor, from school property during school hours where he would often perpetrate abuse.

e.   Defendants permitted LAMBRIGHT to transport students, including Plaintiff's Minor, to the beach/campground area where he would often perpetrate abuse.

f.   Defendants allowed Plaintiff's Minor to be "tutored" and "mentored" by LAMBRIGHT, notwithstanding known inappropriate behavior between LAMBRIGHT and Plaintiff's Minor.

g.   Acting and failing to act as outlined in the allegations included within this Complaint, all of which said allegations are incorporated herein by reference.

174.   These actions were performed by DEFENDANTS, notwithstanding their knowledge of LAMBRIGHT's boundary issues and inappropriate conduct with young, male students such as Plaintiff's Minor.

175.   These actions specifically placed Plaintiff's Minor at risk of sexual abuse, which occurred on numerous occasions for more than one year.

176.     These Defendants knew or should have known that its actions specifically endangered Plaintiff's Minor and in any event, such actions were egregious and shock the conscience.

177.     As a direct and proximate result of the reckless actions taken by these Defendants as described herein, which violate the Fourth and Fourteenth Amendments and are otherwise implemented in a manner such that constitutional violations are substantially certain and likely to occur, the Plaintiff's Minor's Fourth and Fourteenth Amendment rights were violated. Plaintiff's Minor was forced to suffer and endure extreme deprivations of their liberty, severe physical, mental, and emotional pain and suffering, all in amounts to be proven at trial.

**WHEREFORE**, Plaintiff respectfully pray that judgment be entered in his favor against these Defendants, jointly and severally, for:

a. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiff's Minor for the harms and losses he suffered and continues to suffer, including physical and emotional injuries, in an amount exceeding $1,000,000;

b. Costs and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

c. All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## <u>COUNT VI - SEXUAL BATTERY</u>
## (AGAINST DEFENDANT LAMBRIGHT)

178.   Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

179.   Defendant LAMBRIGHT sexually abused and/or raped Plaintiff's Minor by digital and oral penetration on multiple occasions, as stated more fully in the Factual Allegations above.

180.   The abuse known to date occurred on school property at WCHS, at Defendant LAMBRIGHT's home, in Defendant LAMBRIGHT's vehicle and at the local beach/campground.

181.   Defendant LAMBRIGHT was arrested and charged with three (3) counts of felony criminal sexual conduct (C.S.C.) -3rd Degree (with a student), one (1) count of C.S.C.-4th (with a student) and one (1) count of communicating with another to commit crime via computer/internet.   M.C.L. 750.520d(1)(e), M.C.L. 750.520e(1)(f) and M.C.L. 750.145d(2)(f).

182.   Defendant LAMBRIGHT pled no contest to and was convicted of one (1) counts of felony C.S.C.-3rd (with a student).

183.   The abuse perpetrated upon Plaintiff's Minor by Defendant LAMBRIGHT, was harmful, extreme, outrageous, and offensive causing physical injuries, and severe and permanent emotional and mental injuries and damages.

184.  Defendant LAMBRIGHT's sexual battery was a proximate cause of Plaintiff's Minor's injuries and damages, including, but not limited to:

a.    Physical pain and suffering;

b.    Emotional and mental pain and suffering;

c.    Physical manifestations of emotional distress;

d.    Extreme fear, fright and shock;

e.    Complex post-traumatic stress;

f.    Depression and anxiety;

g.    Humiliation, embarrassment, shame, and guilt;

h.    Decreased self-confidence;

i.    Loss of reputation;

j.    Other past, present, and future noneconomic damages,

k.    Past, present, and future economic damages; and

l.    All other damages that become known during litigation.

WHEREFORE, Plaintiff, CLIFFORD SMITH, II, as Next Friend of Plaintiff's Minor, C.S., respectfully prays that a Judgment be entered in his favor, and against Defendant, LAMBRIGHT, for the following:

a.    Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiff's Minor for the harms and losses he suffered and continues to suffer, including physical and emotional injuries, in an amount exceeding $1,000,000;

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

    b.  Costs and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

    c.  All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT VII - GROSS NEGLIGENCE, WILFUL AND WANTON MISCONDUCT

### (AGAINST DEFENDANT LAMBRIGHT)

185.   Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

186.   Defendant LAMBRIGHT owed Plaintiff's Minor a duty to use ordinary care to ensure his safety and freedom from excessive force, unlawful seizure, and equal protection under the laws.

187.   Defendant LAMBRIGHT owed Plaintiff's Minor the duty to use ordinary care to equal protection of law and to be free sexual discrimination, harassment, and assault.

188.    Defendant LAMBRIGHT is not entitled to governmental immunity under Michigan law, M.C.L. 691.1407, *et. seq*. as his conduct amounted to gross negligence, and/or willful and wanton misconduct.

189.   Further, Defendant LAMBRIGHT's conduct demonstrated a willful disregard for precautions to ensure Plaintiff's Minor's safety and created a

substantial risk of serious harm.

190.   As fully set forth in the factual allegations, Defendant LAMBRIGHT breached his duty of care owed to Plaintiff's Minor and was grossly negligent in that his misconduct was committed with reckless disregard for Plaintiff's Minor's safety, health, and with a substantial lack of concern to whether an injury resulted.

191.   As the proximate result of Defendant LAMBRIGHT's gross negligence, Plaintiff's Minor suffered and will continue to suffer damages into the future, including, but not limited to:

a.    Physical pain and suffering;

b.    Emotional and mental pain and suffering;

c.    Physical manifestations of emotional distress;

d.    Extreme fear, fright and shock;

e.    Complex post-traumatic stress;

f.    Depression and anxiety;

g.    Humiliation, embarrassment, shame, and guilt;

h.    Decreased self-confidence;

i.    Loss of reputation;

j.    Other past, present, and future noneconomic damages,

k.    Past, present, and future economic damages; and

l.    All other damages that become known during litigation.

WHEREFORE, Plaintiff, CLIFFORD SMITH, II, as Next Friend of Plaintiff's Minor C.S., respectfully prays that a Judgment be entered in their favor, and against Defendant, LAMBRIGHT, for the following:

    a.  Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiff's Minor for the harms and losses he suffered and continues to suffer, including physical and emotional injuries, in an amount exceeding $1,000,000;

    b.  Costs and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

    c.  All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT VIII – VIOLATION OF ELLIOT LARSON CIVIL RIGHTS ACT - FAILING TO PROTECT AGAINST A SEXUALLY HOSTILE EDUCATIONAL  ENVIRONMENT

### (AGAINST ALL DEFENDANTS)

192.   Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

193.   Defendant DISTRICT is a public institution providing a public service under the Elliot Larson Civil Rights Act ("E.L.C.R.A.), M.C.L. 37.2101, 37.2302 and 37.2401.

194.   Defendants LAMBRIGHT, CANNING, WHYERS, CHILES, and FESSENDEN, at all relevant times were acting in their capacity as employees of Defendant DISTRICT.

Attorneys & Counselors at Law

VAHDAT WEISMAN
L A W

V|W

195. Pursuant to E.L.C.R.A., an educational institution shall not discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, sex, sexual orientation, or gender identity or expression. M.C.L. 37.2402.

196. Defendant DISTRICT's acts and omissions through its employees, directors, supervisors, and administrators, as described in the Factual Allegations, and Counts I and IV of this Complaint constitute sexual assault, discrimination, and harassment, and violated Plaintiff's Minor's rights under E.L.C.R.A. by subjecting him to sexual grooming, advances, harassment, coercion, innuendo, and sexual assault.

197. Defendant DISTRICT was responsible for providing a safe educational environment for Plaintiff.

198. By subjecting Plaintiff's Minor to sexual grooming, advances, harassment, coercion, innuendo, and sexual assault, Defendant DISTRICT's acts and omissions, through its employees, superintendents, teachers, faculty, resource officers, aides and administrators, created a sexually hostile environment, abusive and intimidating conditions, depriving Plaintiff's Minor of a safe, full, and equal educational learning environment.

199. Defendant DISTRICT is vicariously liable for the acts and omissions

49

of its employees, superintendents, teachers, faculty, resource officers, aides and

administrators, including Defendants, LAMBRIGHT, CANNING, WYERS,

CHILES and FESSENDEN, under the doctrine of *respondeat superior.*

200.   As the proximate result of Defendant, DISTRICT's violations of

Plaintiff's civil rights under E.L.C.R.A, suffered, and will continue to suffer

damages into the future, including, but not limited to:

a.   Physical pain and suffering;

b.   Emotional and mental pain and suffering;

c.   Physical manifestations of emotional distress;

d.   Extreme fear, fright and shock;

e.   Complex post-traumatic stress;

f.   Depression and anxiety;

g.   Humiliation, embarrassment, shame, and guilt;

h.   Decreased self-confidence;

i.   Loss of reputation;

j.   Other past, present, and future noneconomic damages,

k.   Past, present, and future economic damages; and

l.   All other damages that become known during litigation.

WHEREFORE, Plaintiff, CLIFFORD SMITH, II, as Next Friend of Plaintiff's Minor C.S., respectfully prays that a Judgment be entered in their favor, and against Defendants for the following:

    a. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiff's Minor for the harms and losses he suffered and continues to suffer, including physical and emotional injuries, in an amount exceeding $1,000,000;

    b. Costs and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

    c. All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT IX – VIOLATION OF MICHIGAN CHILD PROTECTION LAWS - FAILURE TO REPORT

### (AGAINST DEFENDANTS DISTRICT, CHILES, and FESSENDEN)

201.  Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

202.  Under Michigan Child Protection Laws, M.C.L. 722.623(1)(a), a person who has reasonable cause to suspect child abuse or child neglect shall make an immediate report to centralized intake by telephone, or, if available, through the online reporting system, of the suspected child abuse or child neglect.

203.  Upon information and belief, Defendants CHILES and FESSENDEN are mandatory reporters under M.C.L. 722.623(1)(a).

204.   Defendants CHILES and FESSENDEN had actual or subjective knowledge that Plaintiff was being abused by Defendant LAMBRIGHT.

205.   At the very least, Defendants CHILES and FESSENDEN had reasonable cause to suspect that Defendant LAMBRIGHT was abusing Plaintiff thereby triggering their mandatory obligation under the law. M.C.L. 722.623(1)(a).

206.   M.C.L. 722.633 provides: "[A] person who is required by this act to report an instance of suspected child abuse or neglect and who fails to do so is civilly liable for the damages proximately caused by the failure."

207.   Defendant DISTRICT is vicariously liable for the acts and omissions of its employees, staff, teachers, faculty, resource officers, aides, administrators, including Defendants CHILES and FESSENDEN under the doctrine of *respondeat superior*.

208.   As the proximate result of Defendants CHILES and FESSENDEN's violation of the Michigan Child Protection Laws, Plaintiff's Minor suffered and will continue to suffer damages into the future, including, but not limited to:

    a.   Physical pain and suffering;

    b.   Emotional and mental pain and suffering;

    c.   Physical manifestations of emotional distress;

    d.   Extreme fear, fright and shock;

    e.   Complex post-traumatic stress;

f.      Depression and anxiety;

g.      Humiliation, embarrassment, shame, and guilt;

h.      Decreased self-confidence;

i.      Loss of reputation;

j.      Other past, present, and future noneconomic damages,

k.      Past, present, and future economic damages; and

l.      All other damages that become known during litigation.

WHEREFORE, Plaintiff, CLIFFORD SMITH, II, as Next Friend of Plaintiff's Minor C.S., respectfully prays that a Judgment be entered in their favor, and against Defendants CHILES and FESSENDEN, jointly and severally for the following:

a.   Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiff's Minor for the harms and losses he suffered and continues to suffer including physical and emotional injuries, in an amount exceeding $1,000,000;

b.   Costs and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

c.   All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## **PRAYER FOR RELIEF**

Plaintiff prays that this Court enter Judgment for the Plaintiff, CLIFFORD

SMITH, II, as Next Friend of Plaintiff's Minor, C.S., and against each of the

Defendants and award:

a. Past, present, and future compensatory and exemplary
damages on all claims allowable by federal and Michigan
law;

b. Punitive  damages on all allowable claims against the
individual Defendants and in an amount to be determined at
trial;

c. Nominal damages on allowable claims, if necessary;

d. Attorneys' fees and the costs associated with this action under
42 U.S.C. § 1988, including expert witness fees, on all claims
allowed by law;

e. Pre- and post-judgment interest at the lawful rate; and

f. Any further relief that this Court deems just and proper, and
any other appropriate relief at law and equity.

Respectfully submitted,

**VAHDAT WEISMAN LAW**

BY: */s/ Kara E. Weisman*
Kara Weisman (P80837)
Raquel Muñoz (P77420)
*Attorney for Plaintiff*
17197 N. Laurel Park Dr.
Ste 500
Livonia, MI 48152
(734) 469-4994
Kara@thevwlaw.com

Dated: September 30, 2024

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

CLIFFORD SMITH, II as Next Friend of
Minor, C.S.,

   Plaintiff,         Case No.:
                Hon.

v.

WHITE CLOUD PUBLIC SCHOOL    **JURY DEMAND**
DISTRICT, DEFENDANT LAMBRIGHT,
ED CANNING, ASA WYERS, LEIGHANN
CHILES, and SABINA FESSENDEN,
jointly and severally,

   Defendants.
_____/
VAHDAT WEISMAN LAW
Kara Weisman (P80837)
Raquel Muñoz (P77420)
Attorneys for Plaintiff
17197 N. Laurel Park Dr., Ste 500
Livonia, MI 48152
(734) 469-4994
kara@thevwlaw.com
raquel@thevwlaw.com
_____/
## DEMAND FOR TRIAL BY JURY

  NOW COMES Plaintiff, CLIFFORD SMITH, II as Next Friend of Minor C.S.,

by and through their attorneys, KARA WEISMAN and RAQUEL MUÑOZ of

VAHDAT WEISMAN LAW and hereby demands a trial by jury in the above-

captioned matter.

         Respectfully submitted,

         **VAHDAT WEISMAN LAW**

55

BY: */s/ Kara E. Weisman*
Kara Weisman (P80837)
Raquel Muñoz (P77420)
*Attorneys for Plaintiff*
17197 N. Laurel Park Dr. Ste 500
Livonia, MI 48152
(734) 469-4994
Kara@thevwlaw.com

Dated: September 30, 2024

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W